UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL TAYLOR,

    Petitioner,

    v.                                      CAUSE NO.: 3:17-CV-396-PPS-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Michael Taylor, a *pro se* prisoner, is challenging the prison disciplinary hearing where a Disciplinary Hearing Officer found him guilty of Possession of Unauthorized Property Belonging to Another in violation of B-215 and docked him 30 days of earned credit time. In his petition, Taylor raises a single ground for habeas relief: that the hearing officer did not have sufficient evidence to find him guilty. Specifically, Taylor says that there was no evidence that the television found in his possession was not his.

As a preliminary matter, Respondent argues that Taylor's claim is procedurally barred because he did not raise it during the underlying administrative appeal and thus Taylor has not exhausted his administrative remedies. ECF 4 at 5. In doing so, Respondent states that Taylor's claim is that "if the DHO 'would have ran the serial number [of the TV] she would have clearly known it was mine.'" *Id.* But Taylor's claim is broader than whether or not the hearing officer should have run a serial number, and in his administrative appeal he makes clear he is challenging a failure to support an essential element of the offense: that he had possession of the property of another. ECF

4-8. As seen below, that is a sufficient basis by which to decide this case and consequently I find Taylor has exhausted his administrative remedies.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). As one might imagine, this is an exceedingly difficult standard to meet. Here's how the Seventh Circuit once put it:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

But, of course, "some" evidence is not the same as "no" evidence. So what does the record reveal here? On March 21, 2017, Officer K. French wrote a Conduct Report:

> On 3-21-17 at approx. 10:30 am I Officer French found a tv in offender Taylor 894861 EE86 locker in recycling shop and the locker was secured with a pad lock.

ECF 4-1. The report also indicates, "Photo sent to DHB and screening, evidence in shakedown." *Id*. Taylor was then charged and ultimately found guilty of violating IDOC offense B-215, which is defined as, "Unauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.; ECF 1-1 at 9.

A disciplinary hearing was held, and according to the Report of Disciplinary Hearing, Taylor pleaded guilty to the offense. ECF 4-5. Typically, this would be the end of the matter. S*cruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007) (noting that the court "need look no further than one key piece of evidence: [his] confession."). But I have serious doubts about the validity of this purported guilty plea. To start, Taylor's comments at the hearing proclaim his innocence. ECF 4-5. He stated that "it was my TV." *Id*. There is simply no way to reconcile Taylor pleading guilty to B-215 while also maintaining that the television was his. Additionally, the disciplinary hearing report reveals that the hearing officer did not base her decision on his guilty plea. ECF 4-5. Instead, she found Taylor guilty based on the staff reports and a photograph of the television. *Id*. Because the hearing officer did not rely on Taylor's purported guilty plea as a basis for her decision, neither will I.

The conduct report is not sufficient evidence to find Taylor guilty of violating offense B-215. It is certainly true that a conduct report alone *can* be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. But it is not in this case. While the conduct report indicates that Taylor was in possession of a television, it fails to specify that the

television belonged to someone other than Taylor. This is critical because to convict Taylor of B-215, it must be shown that the property belongs to "another." At most, the conduct report established that Taylor possessed a television. Because the conduct report does not provide evidence that the television belonged to "another," which is required by the definition, it is insufficient to support a finding of guilt.

There was a photograph of the television admitted at the administrative hearing. But it doesn't tell us anything about who owned the television. The photograph of the television reveals that there is no name tag or personal identifier on it. ECF 4-7. In other words, it has no evidentiary value. What's more, there was evidence to the contrary. At the hearing, Taylor stated that it was his television but he simply "took [his] name off it." ECF 4-5. The hearing officer did not believe Taylor because she did not find any credible evidence documenting that the TV belonged to him. ECF 4-6. It is unclear what documentary evidence the hearing officer was looking for but, regardless, the absence of evidence documenting that the television belonged to Taylor is not "some evidence" that it belonged to someone else.

Upon review of the administrative record, there is simply no evidence in the file to establish that the television belonged to anyone other than Taylor. For the "some evidence" standard to have any meaning, the respondent has to point to something -- anything -- to support the finding of guilt. They have failed to do so here. Because there are no facts or evidence presented by the respondent that the television belonged to "another," the "some evidence" standard is not met. Thus, Taylor is entitled to habeas corpus relief.

Accordingly, the habeas corpus petition is GRANTED. The Respondent is ORDERED to file documentation by January 2, 2019, showing that the guilty finding in ISP 17-03-311 has been vacated and that any earned credit time or demotion in credit class that Taylor lost because of this guilty finding is restored.

SO ORDERED on November 15, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT